# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as trustee,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BARRY HALAJIAN and DOES 1 through 10 inclusive,<br><br>　　　　　Defendants. | 1:12-cv-00447 LJO GSA<br><br>**ORDER CONSTRUING PLEADING FILED MARCH 23, 2012, TO BE A NOTICE OF REMOVAL**<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING REMOVAL OF UNLAWFUL DETAINER ACTION FROM STATE COURT** |

**PROCEDURAL BACKGROUND**

*Pleadings Filed in This Court*

On March 23, 2012, Defendant[1] Barry Halajian filed a pleading entitled "Quo-Warranto-Complaint" with this Court.  (Doc. 1.)  However, a careful review of the document and its attached exhibits, as well as the Fresno County Superior Court's electronic case information

---

[1] While purportedly filing a "complaint," Halajian created a new caption and identified himself as a "Plaintiff" in this action.  Nonetheless, for the reasons set forth below, the pleading is construed to be a notice of removal, wherein the party designations originating from the state action remain the same in federal court.  Therefore, because Halajian was a defendant in the state court action, he remains a defendant in the federal court.

1

system, reveals Defendant is in fact attempting to remove an action from state court to federal court.  As will be discussed more fully below, removal is improper.

### *Related Pleadings Filed in the Fresno County Superior Court*[2]

#### Case No. 12CECL01530

On February 27, 2012, Plaintiff Deutsche Bank National Trust Company, as Trustee, represented by attorneys Deborah Bass and Ellie Navid, filed a Complaint for Unlawful Detainer against Defendant Barry Halajian.  (*See* Doc. 1 at 27-29.)[3]

#### Case No. 11CECL01998

According to the electronic case information system employed by the Fresno County Superior Court, Plaintiff Deutsche Bank National Trust Company, represented by attorney Randall D. Naiman, filed an unlawful detainer complaint against Defendant Halajian on March 7, 2011.  *See, e.g.*, http://banweb.cofresno.ca.us (case no. 11CECL01998).

A motion for summary judgment was filed on behalf of Plaintiff on April 28, 2011.  Defendant failed to oppose the motion.  The motion was granted on May 5, 2011, and judgment was entered for Plaintiff on that date.  *See* http://banweb.cofresno.ca.us (case no. 11CECL01998).

A writ of execution was issued for restitution of the premises on June 2, 2011.  Shortly thereafter, on June 10, 2011, Defendant filed an Application for Ex Parte Order Setting Aside Judgment, or in the Alternative, Staying Execution of Judgment.  On June 13, 2011, the state court denied the motion to set aside judgment, but stayed the writ of execution.  *See* http://banweb.cofresno.ca.us (case no. 11CECL01998).

---

[2] A "court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases." *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980); *accord In re Korean Air Lines, Co., Ltd.*, 642 F.3d 685, 689 n.1 (9th Cir. 2011); *United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004). Thus, this Court takes judicial notice of the records of the collateral proceedings in the state court.

[3] It appears that an electronic docket entry has not yet been created for this matter as no parallel electronic record could be found.

Subsequent electronic docket entries appear to indicate a second ex parte application to set aside judgment was filed by Defendant and opposed by Plaintiff. Nevertheless, on June 20, 2011, Defendant filed a Notice of Appeal. Two days later, on June 22, 2011, Defendant filed an Application for Ex Parte Order Staying Enforcement of Judgment Pending Appeal. *See* http://banweb.cofresno.ca.us (case no. 11CECL01998). On June 28, 2011, the motion to stay enforcement was granted.

On March 12, 2012, an entry on the electronic docket, unattributed to any particular party, indicates as follows: "Writ filed wholly unsatisfied." *See* http://banweb.cofresno.ca.us (case no. 11CECL01998).

As of today's date, Fresno County Superior Court case number 11CECL01998 remains "STAYED." *See* http://banweb.cofresno.ca.us (case no. 11CECL01998).

**Case No. 0002288**

A new civil appellate case was filed with the Fresno County Superior Court on October 26, 2011, identifying the underlying action as *Deutsche Bank v. Barry Halajian* (11CECL01998).

In the appeal, Appellant Barry Halajian is represented by attorney Randy J. Risner and Respondent Deutsche Bank Trust Co. is represented by attorney Randall D. Naiman. According to the state court's electronic docket, the matter is fully briefed; however, oral argument has not yet occurred, nor has an opinion issued. *See* http://banweb.cofresno.ca.us (case no. 0002288).

**CONSTRUING PLEADING FILED**
**MARCH 23, 2012, TO BE A**
**NOTICE OF REMOVAL**

The Court has carefully reviewed the pleading submitted by Defendant Halajian on March 23, 2012, and construes the document to be a Notice of Removal rather than a complaint. This is so, despite Defendant's references to the words "complaint" or "claim," because it is clear that he is attempting to affect or impede the now pending state court actions filed against him pertaining to his rights to occupy certain real property.

First, at the top of the first page of the pleading, Defendant specifically refers to "TRANSFER FROM THE STATE COURT TO THIS . . . FEDERAL-COURT." On that same page, Defendant particularly references Plaintiff Deutsche Bank, and more tellingly, its two legal representatives in the multiple actions now pending in the Fresno County Superior Court: Deborah Bass and Randall Naiman. (*See* Doc. 1 at 1.)

Second, the pleading references the same piece of property at issue in the state court proceedings, to wit: 4917 East Sooner in Fresno, California. (*See* Doc. 1 at 1 & 11-37 [Complaint for Unlawful Detainer; Trustee's Deed Upon Sale; Three (3) Day Notice to Quit; Substitution of Trustee; Full Reconveyance].)

Third, the pleading references Fresno County Superior Court case numbers 11CECL01998 and 12CECL01530. (*See* Doc. 1 at 27-29 [copy of Complaint for Unlawful Detainer] & Civil Cover Sheet [filed March 23, 2012, simultaneously with the pleading at issue].)

Fourth, in the Civil Cover Sheet filed March 23, 2012, Defendant checked the box next to "Removed from State Court." (*See* Doc. 1 at 38 [Civil Cover Sheet, § V Origin].)

For all of the foregoing reasons, this Court construes the pleading filed on March 23, 2012, to be a Notice of Removal rather than a complaint. *See United States v. Kriemelmeyer*, 2007 WL 5479293 (W.D. Wis. July 26, 2007) (No. 07-CR-052-C-01) (construing "complaint" to be a motion to dismiss the indictment).

**FINDINGS AND RECOMMENDATIONS**
**REGARDING NOTICE OF REMOVAL**

So construed, removal is not proper for the reasons explained below.

Pursuant to Title 28 of the United States Code section 1441(a), a defendant may remove an action to federal court if the district court has original jurisdiction. 28 U.S.C. § 1441(a); *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Ansley v.*

*Ameriquest Mortg. Co.*, 340 F.3d 858, 861 (9th Cir. 2003)).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.  28 U.S.C. § 1447(c).  Generally, a defendant seeking to remove an action to federal court must file a notice of removal within thirty days of receiving a copy of the initial pleading.  28 U.S.C. § 1446(b).  The defendant seeking removal of an action to federal court has the burden of establishing federal jurisdiction in the case.  *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).

***Timeliness***

Title 28 of the United States Code section 1446 provides, in pertinent part:

> (a) A defendant or defendants desiring to remove any civil action . . . from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed with the court and is not required to be served on the defendant, whichever period is shorter.
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . ..

Here, Defendant's removal notice includes references to two of the three actions now pending in the Fresno County Superior Court, the first having been filed on March 7, 2011, and the second on February 27, 2012.  Plainly, removal as to the March 2011 action is untimely.  Employing common sense and simple calendaring calculations, in the absence of Defendant having provided any information regarding service of the February 2012 complaint, removal appears timely as to the February 2012 action.

Nevertheless, although timeliness may not be an issue regarding the most recent action filed against Defendant in state court, there remains the issue of the Court's jurisdiction.

*Jurisdiction*

Defendant is attempting remove an unlawful detainer action based on federal question subject matter jurisdiction. (Doc. 1 at 38 [Civil Cover Sheet, § II Basis of Jurisdiction].) However, Defendant cannot establish jurisdiction that is proper. Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can adjudicate only those cases authorized by the United States Constitution and Congress. Generally, those cases involve diversity of citizenship or a federal question, or cases in which the United States is a party. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 114 S.Ct. 1673, 1677 (1994); *Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 2008 (1989). Federal courts are presumptively without jurisdiction over civil actions. *Kokkonen*, 511 U.S. at 377. Lack of subject matter jurisdiction is never waived and may be raised by the Court *sua sponte*. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996). "Nothing is to be more jealously guarded by a court than its jurisdiction. Jurisdiction is what its power rests upon. Without jurisdiction it is nothing." *In re Mooney*, 841 F.2d 1003, 1006 (9th Cir. 1988).

Furthermore, the law is clear in the Ninth Circuit that the removal statute should be strictly construed in favor of remand and against removal. *Harris v. Bankers Life and Cas. Co*, 425 F.3d 689, 698 (9th Cir. 2005). The "strong presumption" against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper. *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).

In this case, Defendant is unable to establish subject matter jurisdiction before this Court because the complaint filed February 27, 2012, in the state court contains a single cause of action for unlawful detainer based on California Code of Civil Procedure section 1161a. Unlawful detainer actions are strictly within the province of state court. Furthermore, Defendant's attempt

at creating federal subject matter jurisdiction by adding claims or defenses to a notice of removal will not succeed. *Cf. Catee v. Capital One, F.S.B.*, 479 F.3d 1143, 1145 (9th Cir. 2007) (even previously asserted counterclaims raising federal issue will not permit removal).

In determining the presence or absence of federal jurisdiction in removal cases, the "'well-pleaded complaint rule,' applies which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plainly, Plaintiff Deutsche Bank National Trust Company's complaint raises only a state law claim. Moreover, "it is well established that plaintiff is the 'master of her complaint' and can plead to avoid federal jurisdiction." *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 997-98 (9th Cir. 2007); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109 (1936)) ("It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law").

### *Language Employed in the Pleading*

Finally, it must be noted that the remainder of Defendant's pleading is incomprehensible and plainly frivolous. The pleading has been prepared in a form other than standard American English. (Doc. 1.) Defendant Halajian is apparently employing activist David Wynn Miller's "Correct-Language" wherein, among other peculiarities, only nouns have legal authority and punctuation abounds. *See* http://en.wikipedia.org/w/index.php?title+David_Wynn_Miller. However, "the official language of the Court is standard American English." *United States v. Kriemelmeyer*, 2007 WL 5479293 (W.D. Wis. July 26, 2007) (No. 07-CR-052-C-01) (rejecting Miller's language).

### CONCLUSION

Based on the above, this Court RECOMMENDS this action be REMANDED *sua sponte* to the Fresno County Superior Court of California for all future proceedings. Accordingly, the Clerk of the Court should be directed to close this case.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to Title 28 of the United States Code section 636(b)(1)(B) and this Court's Local Rule 304. Within fifteen (15) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **March 29, 2012**         /s/ **Gary S. Austin**
                                  UNITED STATES MAGISTRATE JUDGE